UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANGELA McMASTERS                                                                             PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:12CV-604-S

DEPARTMENT OF EDUCATION                                                                      DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff, Angela McMasters, proceeding *pro se*, *in forma pauperis* has filed a complaint against the Department of Education (DN 1). She has also filed a document titled "Re: Defendant address change" (DN 6). These matters are presently before the Court.

In the document filed by Plaintiff titled "Re: Defendant address change" (DN 6), Plaintiff requests that the Court change the address of Defendant from "Kentucky Higher Education" located in Frankfort, Kentucky to the "U.S. Department of Education" located in Washington, D.C. It appears that Plaintiff seeks to change the Defendant from the "Kentucky Department of Education" to the "U.S. Department of Education." The Court construes this document as a motion to amend the complaint. To the extent Plaintiff is requesting to change the named Defendant in this action to the "U.S. Department of Education," the motion (DN 6) is **GRANTED**. The **Clerk of Court** is **DIRECTED** to change the name and address of the Defendant in the docket of this case.

Since Plaintiff is proceeding *in forma pauperis* in this case, the Court must perform screening of the complaint (DN 1) pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

### I. SUMMARY OF CLAIMS

In her complaint Plaintiff states that on November 7, 2000, she was in a car accident that rendered her disabled. She states that in October 2002, Defendant "waived student loans due to

disability." Apparently, sometime in 2007, Defendant ceased the waiver of Plaintiff's student loan re-payment and began to garnish her wages. According to the complaint, Plaintiff's wages were "wrongfully garnished from 2007-2011." Plaintiff states that she is still disabled, but Defendant has denied her request for a hearing to determine if she is disabled and is "now filing for garnishment." She requests this Court to "[s]top any garnishments from occuring" and "[r]epayment of 2+ years of garnishment that was taken unjustly."

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not

require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Federal district courts are courts of limited jurisdiction, and "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). The burden of establishing jurisdiction rests with Plaintiff. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377; *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000). In the present case, Plaintiff fails to set forth any jurisdictional basis upon which she brings this action. She cites to no U.S. Constitutional provision or federal statute to support her claim. Furthermore, she fails to plead facts sufficient for the Court to construe, even in the light most favorable to her, her action as stating any jurisdictional basis upon which it rests.

In addition to failing to plead this Court's jurisdiction, Plaintiff fails to plead facts from which the Court could construe that she states a claim. Plaintiff generally states that Defendant wrongfully garnished her wages in the past and intends to do so again. She contends that she is disabled and that her disability makes the garnishment of her wages for payment of her student

loans wrongful.  However, she fails to state why her disability makes garnishment unlawful in her case.  She does not state that her student loan was federally guaranteed and, if so, whether she followed the proper procedures for attempting to defer or discharge her student loan.  She does state that her request for a hearing was denied.  However, she fails to set forth any constitutional or statutory basis upon which she contends she has a right to the hearing she contends she was denied.  Plaintiff fails to attach any administrative decision or provide sufficient facts about such a decision, if one exists, which would assist the Court in determining whether she states a claim or whether she exhausted the administrative procedures available to her prior to filing this action, if required.

Despite the deficiencies in her complaint, the Court will give Plaintiff additional time to amend her complaint prior to dismissal of this action.

### IV.  CONCLUSION

Accordingly, Plaintiff will have **thirty (30)** days from the entry of this Memorandum Opinion and Order to amend her complaint.  The **Clerk of Court** is **DIRECTED** to send Plaintiff a general complaint form and a blank summons with this case number affixed thereon.

**If Plaintiff fails to amend her complaint within thirty (30) days of entry of this Memorandum Opinion and Order, she is WARNED THAT HER CASE WILL BE DISMISSED**.

Date:  November 27, 2012

Charles R. Simpson III, Judge
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendant
4411.003